BRIDGET DAVENY, Respondent, *against* WILLIAM B. SHATTUCK, Appellant.

(Decided February 2d, 1880.)

A servant was employed upon trial for a week, with a promise that, if she suited, the employment would be continued through the summer months and until September 1st.  Before the end of the week, the employer having declared that she suited, the servant said :  "Then, as long as I suit you, there is no fear for the summer months;" to which the employer responded affirmatively.  *Held*, that there was not an absolute employment until September 1st, but merely a conditional one, dependent upon the servant continuing to suit the employer.

APPEAL from a judgment of the district court in the city of New York for the third judicial district.

The facts are stated in the opinion.  Upon trial before a jury, they rendered a verdict for the plaintiff.  From the judgment entered upon the verdict the defendant appealed.

*Francis Byrne*, for appellant.

*L. B. Halsey*, for respondent.

CHARLES P. DALY, Chief Justice.—This was only the ordinary monthly hiring of a domestic servant at $16 a month. The plaintiff asked the defendant's wife if she kept her girls

during the summer months, and she told her that she did. The plaintiff then said that she would like to engage for the summer months up to September 1; and the defendant's wife, Mrs. Shattuck, answered that she would *keep her if she suited her*. To this the plaintiff replied, " Perhaps you are hard to suit; I will try it for a week," and in going out, said : " You keep your help for the summer months ?" and Mrs. Shattuck replied : " Oh, certainly, and longer *if they suit me.*" The plaintiff came on the following Monday, and before the end of the week Mrs. Shattuck said to her : " You suit me if I suit you," and the plaintiff replied : " As long as I suit you, there is no fear for the summer months," and the defendant responded : " Oh, yes, I like you very much." At the end of the second month, the defendant's wife told her that she had no further occasion for her services, when the plaintiff left, and within two days thereafter she brought this action, in which, under the judge's instructions, she has recovered, as the measure of damages, $16 a month up to September 1, and $4 a week for board ; a judgment that cannot be sustained.

The understanding, in respect to the summer months, was simply a conditional one. It depended upon whether the plaintiff suited the defendant's wife. The utmost that occurred towards the end of the first week was an affirmative response : " Oh, yes, I like you very much," to the plaintiff's remark, " Then *as long* as I suit you, there is no fear for the summer months ;" the plain construction of which is, that as long as she continued to suit Mrs. Shattuck, she would be employed, and necessarily implied the right to discharge her at the end of any month, if she did not suit her. Mrs. Shattuck may have liked her very well after she had been there about a week, but upon further experience, have found that she did not suit her ; and it would be going too far, from that remark, and her assent to what the plaintiff said, to hold that she meant to bind herself unconditionally to keep the plaintiff until September 1; or that the plaintiff even so understood it by the remark : " As long as I suit you, there is no fear for the summer months." It was simply assuming that, as she suited her then, she would continue to suit her, and nothing more, leaving her

employment, up to September 1, dependent upon whether she continued to suit Mrs. Shattuck. It neither bound Mrs. Shattuck to keep her until that time, nor bound the plaintiff to remain until that time. The hiring of domestic servants, in this city, as a matter of general experience, is a hiring from month to month, neither the employer or the employed binding themselves to anything beyond that; and this was nothing more, coupled with an understanding that Mrs. Shattuck would keep the plaintiff until September 1 if she continued to suit her.

The measure of damages, moreover, was wholly erroneous; but it is unnecessary to discuss that question, as there was no such contract as that upon which the action was based.

The judgment should be reversed.

VAN BRUNT, J., concurred.

Judgment reversed.